PER CURIAM.
We have for consideration the petition of The Florida Bar seeking to amend certain provisions in the Integration Rule of The Florida Bar. The suggested amendments to Rule 11.09(3) (a), 32 F.S.A., provided that proceedings for review of the Referee’s report shall be commenced within sixty days after the mailing date of a letter from the Executive Director or staff counsel serving a copy of the Referee’s report on the respondent. This period of time has been shortened from sixty days to thirty days, in order to speed the determination of these important matters. The other suggested rule changes are approved as herein amended and supplemented.
Appended to this order are the amendments to these sections of the Integration Rule of The Florida Bar which shall govern all proceedings within the scope of these rules after 12:01 a. m., August 1, 1974. This revision shall supersede all conflicting rules.
*11 Adopted and approved by the Court on the 26th day of June, A.D. 1974.
It is so ordered.
ADKINS, C. J., and ROBERTS, ERVIN, McCAIN, DEKLE and OVERTON, JJ., concur.
APPENDIX
AMENDMENTS TO ARTICLE II OF THE INTEGRATION RULE OF THE FLORIDA BAR
RULE 2.3
3. A member of The Florida Bar in good standing may, upon petition to and with the approval of the Board of Governors, resign from The Florida Bar and, thereupon, unless again admitted, shall not practice law in this state. A member who has resigned may be readmitted upon application to and approval by the Board of Governors. A rejection of such petition may be reviewed by petition to the Supreme Court.
RULE 2.5(a) and (b)
5. A lawyer who has been adjudged insane or mentally incompetent shall be suspended from the practice of law. If an order of restoration is entered by a court having jurisdiction, he may apply to the Board of Governors for reinstatement on the roll of attorneys.
(a) Whenever an attorney is suspended, disbarred, placed on the inactive list, disappears or dies, and no partner, executor or other responsible party capable of conducting the attorney’s affairs is known to exist, the appropriate circuit court, upon proper proof of the fact, may appoint an attorney or attorneys to inventory the files of the subject attorney and to take such action as seems indicated to protect the interests of clients of the subject attorney, as well as the interest of that attorney.
(b) Any attorney so appointed shall not be permitted to disclose any information contained in files so inventoried without the consent of the client to whom such file relates except as necessary to carry out the order to the court which appointed the attorney to make such inventory.
AMENDMENT TO ARTICLE VIII OF THE INTEGRATION RULE OF THE FLORIDA BAR
RULE 8.6 (ADDED)
6. Dues tendered to The Florida Bar shall not be accepted from any member who is delinquent in the payment of costs imposed against him in a disciplinary proceeding. Costs shall be deemed delinquent unless paid within 30 days after the disciplinary decision becomes final unless such time is extended by the Board of Governors for good cause.
AMENDMENTS TO ARTICLE XI OF THE INTEGRATION RULE OF THE FLORIDA BAR
RULE 11.01(4)
(4) Placement on inactive list for incapacity not related to misconduct. Whenever an attorney who has not been adjudged incompetent is incapable of practicing law because of physical or mental illness, incapacity or other infirmity, he may be placed upon an inactive list and shall refrain from the practice of law for such reason even though no misconduct on his part is alleged or proved. Proceedings with a view of placing an attorney on the inactive list under this section, shall be processed under Article XI in the same manner as proceedings involving acts of misconduct. A member who has been placed on such inactive list may be readmitted upon application to and approval by the Board of Governors. A rejection of such petition may be reviewed by petition to the Supreme Court.
RULE 11.02(4)
(4) Trust funds and fees. Money or other property entrusted to an attorney for a specific purpose, including advances for *12 costs and expenses, is held in trust and must be applied only to that purpose. Money and other property of clients coming into the hands of an attorney are not subject to counterclaim or setoff for attorney fees, and a refusal to account for and deliver over such property and money upon demand shall be deemed a conversion. This is not to preclude the retention of money or other property upon which the lawyer has a valid lien for his services or to preclude the payment of agreed fees from the proceeds of transactions or collections. Controversies as to the amount of fees are not grounds for disciplinary proceedings unless the amount demanded is clearly excessive, extortionate or the demand is fraudulent.
(Other paragraphs of 11.02(4) remain unchanged.)
RULE 11.03 (2) (h)
(h) Quorum, vote. A majority of a committee but not less than three members shall constitute a quorum. All findings of probable cause and of guilt of minor misconduct shall be made by affirmative vote of a majority of the committee present, which majority must number at least three members. The number of committee members voting for or against the committee report shall be reflected in the report. Minority reports may be filed.
RULE 11.04(3)
(3) The accused. The accused may be required to testify and to produce evidence as any other witness unless he claims a privilege or right properly available to him under applicable federal or state law, and when so required he may be accompanied by counsel. Before any finding of probable cause or private reprimand is made the accused shall be advised in general terms the nature of the conduct which is being investigated, and he shall be given an opportunity to make a statement personally or by counsel, verbally or in writing, sworn or unsworn, explaining, refuting or admitting the alleged misconduct. Unless found to be impractical by the chairman of the grievance committee due to unreasonable delay or other good cause, the accused shall be granted the right to be present at any grievance committee hearing when evidence is to be presented to the committee, to face his accuser, to call witnesses, and to cross-examine subject to reasonable limitation.
RULE 11.05(6) (ADDED)
(6) Recording board voting. Whenever requested by a member of the Board of Governors who is present to vote, the numerical votes of the Board for, against or abstaining on a disciplinary question before the Board shall be recorded in the minutes of the meeting.
RULE 11.06(9) (b)
(b) Filing. The referee’s report and record of proceedings shall in all cases be transmitted together to the Executive Director of The Florida Bar for appropriate filing. Staff Counsel of The Florida Bar may return the report to the referee for corrections or for completion of an incomplete report and shall furnish Bar counsel and the respondent copies of his letter returning the report. Bar counsel and respondent shall have 15 days from the date of the Staff Counsel letter to request a hearing before the referee on the subject matter of the letter. A referee’s report and record which contains a finding of guilt and a recommendation of public reprimand, suspension from practice or disbarment shall be filed promptly by the Executive Director or Staff Counsel directly in the Supreme Court and shall thereafter be subject to review by either party as hereinafter provided. A referee’s report containing a finding of not guilty or a finding of guilty with a recommendation of private reprimand shall not be filed in the Supreme Court unless review is sought as hereinafter provided. The Executive Director or Staff Counsel shall serve copies of the report on the parties.
RULE 11.06(9) (c) (ii)
(c) Action by the Board of Governors.
(i) If the report of the referee contains a finding of not guilty, the Board of Gov *13 ernors may either concur in such finding and dismiss the charges; find the respondent guilty of misconduct and issue a private reprimand; or find the respondent guilty and deserving of a public reprimand, suspension or disbarment and seek review of the finding of the referee in the Supreme Court as provided in Rule 11.09. If the report of the referee contains a finding of guilty and a recommendation of private reprimand, the Board may either find the respondent not guilty and dismiss the charges; concur with the referee and issue a private reprimand; or seek review of the recommended discipline in the Supreme Court as provided in Rule 11.09.
(ii) If the Board of Governors disagrees with a referee’s report finding the respondent guilty which has been filed directly in the Supreme Court as provided in Rule 11.06(9) (b), the Board shall have the right to file a motion in the Supreme Court to have the charges dismissed.
(iii) If the Board of 'Governors disagrees with the discipline recommended in a referee’s report finding the respondent guilty, the Board may seek review in the Supreme Court as provided in Rule 11.09.
RULE 11.08(3)
(3) Judgment. Within 60 days after filing and service of the petition The Florida Bar may file with the Supreme Court its response to the petition either supporting or opposing the petition for leave to resign. A copy of the response shall be served upon petitioner. The Supreme Court shall consider the petition, any response thereto and the charges against the accused. If it has been shown by the petitioner in a proper and competent manner that the public interest will not be adversely affected by the granting of the petition, and that such will not adversely affect the purity of the courts nor hinder the administration of justice nor the confidence of the public in the legal profession, the Supreme Court shall enter an appropriate judgment granting leave to resign; otherwise, the petition shall be denied. If the judgment grants to the petitioner leave to resign, the judgment may require that the resignation be subject to appropriate conditions.
RULE 11.08(5)
(5) If resignation is accepted under this rule such resignation shall serve to dismiss all pending disciplinary cases. The resigned attorney may be again admitted to the Bar upon application to and approval by the Board of Governors and upon full compliance with any conditions required by the judgment which granted the leave to resign. A rejection of such application may be reviewed by petition to the Supreme Court.
RULE 11.08(6) (ADDED)
(6) In the case of a resignation submitted in connection with a disciplinary action, no readmission application may be filed until three years after the date of the Supreme Court order which accepted such resignation nor until all costs in disciplinary cases that were dismissed because of the resignation have been paid by the applicant for readmission.
RULE 11.09 (3) (a)
(3) Procedure for review. Review by the Supreme Court shall be in accordance with the following procedure:
(a) Proceedings for review shall be commenced within 30 days after the mailing date of a letter from the Executive Director or Staff Counsel serving a copy of the referee report on the respondent. The proceeding shall be commenced by filing with the Supreme Court a petition for review specifying those portions of the report of a referee sought to be reviewed. Within 10 days after service of such petition the opposing party may file a cross-petition for review specifying any additional portion of the report or judgment which said party desires reviewed. The filing of such petition or cross-petition shall be jurisdictional as to a review to be procured as a matter of right.
RULE 11.10(3)
(3) Suspension. The respondent may be suspended from the practice of law for an appropriate time or for a definite period of time and an indefinite period thereafter to be determined by the conditions imposed by the judgment. During such suspension the respondent shall continue to be a member of The Florida Bar but without the *14 privilege of practicing; and upon the expiration of the suspension period and the satisfaction of all conditions accompanying the suspension, the respondent shall become eligible to all of the privileges of membership in The Florida Bar. A suspension of three months or less shall not require proof of rehabilitation or satisfactory passage of The Florida Bar examination; a suspension of more than three months shall require proof of rehabilitation; no suspension shall be ordered for a specific period of time in excess of three years. Suspensions which continue for over three years shall require proof of rehabilitation and may require satisfactory passage of The Florida Bar examination subsequent to the date of suspension.
RULE 11.10(6) (ADDED)
(6) Notice to clients. Upon service on the respondent of an order of disbarment, suspension, temporary suspension or placement on the inactive list the respondent shall, unless this requirement is waived or modified in the Court’s order, forthwith furnish a copy of the order to all of his clients with matters pending in the respondent’s practice and within 30 days after service of the order the respondent shall furnish Staff Counsel of The Florida Bar a sworn affidavit listing the names and addresses of all clients who have been furnished copies of the order.
RULE 11.11(10)
(10) Judgment. After filing of said report, the Board of Governors shall review the petition, the findings and recommendations of the committee or referee and the record before such committee or referee and shall determine whether it shall support or oppose reinstatement. The Board shall file its recommendation, together with the record of proceedings, in the Supreme Court and shall serve a copy upon the petitioner. The Supreme Court shall then enter an appropriate judgment. If the petitioner is found unfit to resume the practice of law, the petition shall be dismissed. If the petitioner is found fit to resume the practice of law, the judgment shall reinstate him in The Florida Bar; provided, however, that the judgment may make such reinstatement conditional upon the payment of all or parts of the costs of the proceeding, and upon the making of partial or complete restitution to parties harmed by the petitioner’s misconduct which led to the suspension of his membership in The Florida Bar; and further provided, however, that if suspension of petitioner has continued for more than three years, the reinstatement may be conditioned upon the furnishing of such proof of competency as may be required by the judgment in the discretion of the Supreme Court, which proof may include certification by the Florida Board of Bar Examiners of the successful completion of an examination for admission to The Florida Bar subsequent to the date of suspension.
RULE 11.12(4)
(4) Information concerning proceeding. No information concerning the pendency or status of an investigation or trial or other confidential matter shall be given unless and until a record of the proceedings is filed with the clerk of this Court or unless authorized by the Board of Governors; provided, however, that any judge of a court of record having a judicial interest in the matter may be advised in confidence of the status of proceedings as to a particular accused or respondent, and provided further that a complainant may be advised in confidence of the pending status or final disposition of such complaint.
RULE 11.12(5) (ADDED)
(5) Additional waiver or confidentiality in matters involving commission of a crime, unfitness to practice law and great public interest. Notwithstanding the rules of confidentiality elsewhere stated in the Integration Rule, confidentiality of disciplinary proceedings shall be waived commencing with the filing of the formal complaint contemplated by Rule 11.05 after the probable cause finding by a grievance committee or the Board of Governors as therein set forth, in cases involving:
(a) A felony or other serious crime, or
(b) Conduct by an accused which constitutes a general unfitness to practice law, or
*15 (c) Where the public interest clearly demands and the constitutional guaranties of the accused will not be thereby violated or denied;
provided, however, that, prior to any waiver of confidentiality, the accused shall have 15 days to petition the full Board of Governors to maintain confidentiality for good cause shown, after notice of probable cause is served on him by certified mail with return receipt personally signed by the accused or by other means of personal service. Such letter of service shall advise that confidentiality shall be waived under the Rule unless such petition to the Board is timely filed and favorably considered. Upon such petition being filed, confidentiality shall be maintained until disposition of such petition. Once waiver is effected it will include the formal complaint and all subsequent proceedings thereon unless it is thereafter determined for good cause by the Board of Governors to re-invoke confidentiality.