PER CURIAM.
By Petition for Amendment of the Integration Rule, The Florida Bar recommends *206 several changes to Article XI, Rule 11.04, Integration Rule, to provide for a single formal evidentiary hearing in grievance proceedings.
The suggested amendments proposed by the Bar for our consideration are as follows:
“PROPOSED CHANGES TO RULE 11.04 WITH DELETIONS LINED THROUGH AND ADDITIONS UNDERLINED
“(3) The accused. The accused may be required to testify and to produce evidence as any other witness unless he claims a privilege or right properly available to him under applicable federal or state law, and when so required he may be accompanied by counsel. Before any finding of probable cause or private reprimand is made the accused shall be advised in general terms the nature of the conduct which is being investigated, and he shall be given an opportunity to make a statement to the investigating1 member of the committee or Bar counsel personally or by counsel, verbally or in writing, sworn or unsworn, explaining, refuting or admitting the alleged misconduct. Unless-found to-be-impraetical-by the chairman of the grievance committee duo to unreasonable-delay or other good causo, the accused^ shall be granted the right to bo present at any-grievance committee hoaring when evidence is to -be-presented to the committee, to face his-aecuser, to call witnesses, and to-oross examine subject to reasonable limitation. Before a finding of probable cause or private reprimand is made the grievance committee shall allow the accused attorney an opportunity to appear and make a statement to or answer questions from the committee even though the accused has previously made a statement or testified before the investigating member or Bar counsel.
“(4) Testimony of witnesses; contempt. Unless he claims a privilege or right properly available to him under applicable law, the accused attorney or any other person who is subpoenaed to appear and give testimony or produce books, papers or documents, and who refuses to appear or produce such books, papers or documents before the grievance committee investigating member or Bar counsel or who, having been duly sworn to testify, refuses to answer any proper question, may be cited for contempt of this court. Any contempt proceedings instituted or prosecuted during the progress of an investigation or trial covered by the confidential rule shall be conducted in a manner consistent with such rule and shall not be made public except under conditions prescribed in such rule.
“(5) Complainant or complaining witness. The complainant or complaining witness is not a party to the disciplinary proceeding and shall have no right to be present during the grievance committee proceedings except when called to give evidence before the grievance committee investigating member or Bar counsel and when so called may be accompanied by counsel. Neither the complainant nor his counsel shall have the right of confrontation or cross-examination of the accused or any other witness. Neither unwillingness nor neglect of the complaining witness to cooperate, nor settlement, compromise, nor restitution will excuse the completion of an investigation. The complaining witness shall have no right of appeal.”
The Bar explains that pursuant to the proposed changes, grievance committees would no longer hear evidence but rather would vote probable cause, no probable cause or recommend a private reprimand for minor misconduct on the basis of a presentation to the committee by the investigating member of bar counsel; and the accused would be permitted to make a statement to the committee but would not have the right of confrontation, the right to cross-examination, the right to be present during hearing of evidence or the right to present evidence which rights were extended to the accused attorney by order of this Court in In Re The Florida Bar, 297 So.2d 10 (Fla.1974), approving recommended changes by The Florida Bar to the Integration Rule on June 26, 1974.
The Bar readily admits that the aforecit-ed rights afforded the accused pursuant to Rule 11.04(3) were suggested by the Bar to *207 provide greater protection at grievance committee investigation in view of the Bar’s requested amendment to the Integration Rule adding Rule 11.12(5) which permits waiver of confidentiality of pending grievance proceedings after probable cause finding has been made. In its June 26, 1974, order, this Court added Rule 11.12(5) which provides:
“(5) Additional waiver or confidentiality in matters involving commission of a crime, unfitness to practice law and great public interest. Notwithstanding the rules of confidentiality elsewhere stated in the Integration Rule, confidentiality of disciplinary proceedings shall be waived commencing with the filing of the formal complaint contemplated by Rule 11.05 after the probable cause finding by a grievance committee or the Board of Governors as therein set forth, in cases involving:
(a) A felony or other serious crime, or
(b) Conduct by an accused which constitutes a general unfitness to practice law, or
(c) Where the public interest clearly demands and the constitutional guaranties of the accused will not be thereby violated or denied; provided, however, that, prior to any waiver of confidentiality, the accused shall have 15 days to petition the full Board of Governors to maintain confidentiality for good cause shown, after notice of probable cause is served on him by certified mail with return receipt personally signed by the accused or by other means of personal service. Such letter of service shall advise that confidentiality shall be waived under the Rule unless such petition to the Board is timely filed and favorably considered. Upon such petition being filed, confidentiality shall be maintained until disposition of such petition. Once waiver is effected it will include the formal complaint and all subsequent proceedings thereon unless it is thereafter determined for good cause by the Board of Governors to re-invoke confidentiality.”
to the Integration Rule.
We do not feel the rights afforded the accused attorney by Rule 11.04(3) should be sacrificed for the mere purpose of expediency in the processing of his charges.
Accordingly, the Petition of the Bar requesting the above-stated amendments to Rule 11.04 is hereby denied without prejudice to reconsider when there is total review of the entire disciplinary structure.
It is so ordered.
OVERTON, C. J., and ROBERTS, ADKINS, BOYD, SUNDBERG and HATCH-ETT, JJ., concur.
ENGLAND, J., concurs in result only.